COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Alisa Wilson Danforth v. Fry's Electronics, Inc.

Appellate case number:   01-12-00739-CV

Trial court case number: 2011-00093

Trial court:             281st District Court of Harris County

Appellant, Alisa Wilson Danforth, filed an affidavit of indigence for purposes of appeal in the trial court. The trial court signed an order sustaining a contest to the affidavit on August 20, 2012. *See* TEX. R. APP. P. 20.1(e)(1), (i)(4). Appellant did not file a motion seeking review of the trial court's order within 10 days of the order. *See id.* 20.1(j)(1), (2). As a result, on July 25, 2013 we ordered appellant to pay one-half of the $175 filing fee by August 5, 2013 and to pay the other one-half of the filing fee by August 26, 2013.

On August 25, 2013, appellant filed a motion with the Court, requesting an extension of time until August 29, 2013 "to pay the required half of $175 for filing fees." In her motion, appellant states that she erroneously sent a money order for the filing fees to the district court rather than the Clerk of this Court.[1]

---

[1]     Appellant also contends that she "is in the process of having indigent status reviewed" in the district court and that the "fees will not be required" if "indigency is granted later today." The rules of appellate procedure, however, do not allow for the filing of multiple affidavits of indigence, nor do they provide for a waiver of the costs of appeal when an appellant becomes indigent after the deadlines for paying for appellate costs have passed. *See* TEX. R. APP. P. 20.1(c) (requiring affidavit of indigence be filed "with or before the notice of appeal"), 20.1(m) (authorizing appellate court to order party to pay all or portion of appellate costs if party who has proceeded on appeal without prepayment of costs gains ability to pay); *see also* TEX. R. APP. P. 5 (requiring fees be paid "at the time an item is presented for filing"), 35.1 (setting deadline for filing of appellate record), 35.3 (requiring trial court clerk and court reporter to file respective records if party responsible for paying for records has paid appropriate fees). Because an appellant is required to pay the filing fee and the fees for preparing the appellate record at the outset of the appeal, a later change in financial circumstances does not excuse the failure to pay prior to the date the change in circumstances occurred. Therefore, appellant must pay this Court's filing

Accordingly, we GRANT appellant's motion for extension of time and ORDER appellant to pay the full $175 filing fee within 10 days of the date of this order, or the Court will dismiss the appeal. *See* TEX. R. APP. P. 5, 42.3; *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013) (listing fees in court of appeals); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals).

We further ORDER appellant, within 30 days from the date of this order, to file with the Clerk of this Court written evidence from the trial court clerk showing that she has paid or made arrangements to pay for preparation of the clerk's record, or the appeal may be dismissed. *See* TEX. R. APP. P. 34.5(a), 35.3(a)(2), 37.3(b).

Finally, we ORDER appellant, within 30 days of the date of this order, to file with the Clerk of this Court written evidence from the court reporter showing that she has requested and paid or made arrangements to pay for preparation of the reporter's record, or the Court may consider and decide only those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 34.6(b)(1), 35.3(b)(2), (b)(3), (c), 37.3(c).

It is so ORDERED.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                  ☒ Acting individually     ☐ Acting for the Court


Date: September 18, 2013

---

fee and must pay for the appellate record, regardless of whether appellant has filed a subsequent affidavit of indigence.